# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE S. TRUESDALE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1307-HE |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

George Truesdale (Plaintiff) has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental income payments under the Social Security Act. United States District Judge Joe Heaton referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Commissioner's decision be reversed and remanded with an order for an immediate award of benefits.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

## I. Administrative proceedings.

In support of his applications for benefits, Plaintiff alleged in June 2006 that his impairments became disabling in March 2006. AR 98-108. Plaintiff's claims were denied and, on appeal, this Court reversed the Commissioner's decision and remanded the matter for further proceedings. *Id.* at 374-387. The same Administrative Law Judge (ALJ) conducted a second hearing, and in her August 2012 decision, again found that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.* at 309. The Social Security Administration's Appeals Council declined Plaintiff's request for review, Doc. 17, at 2,[3] and Plaintiff now seeks review in this Court. Doc. 1.

## II. The ALJ's findings.

The ALJ found that Plaintiff: (1) meets the insured status requirements through December 2016,[4] (2) has not engaged in substantial

---

[3] The Appeals Council's denial does not appear in the administrative record. However, the Commissioner acknowledges that Plaintiff sought the appropriate review. Doc. 17, at 2.

[4] The Commissioner argues that Plaintiff's insured status expired in December 2009, citing the record at page 116. Doc. 17, at 11. However, at Plaintiff's second hearing the ALJ stated that Plaintiff's insured status date had been amended. AR 322. Although the ALJ said that Plaintiff meets the insured status date through December 2015, *see id.*, she twice stated in her opinion that Plaintiff's insured status date does not expire until December 2016. *Id.* at 296-97.

gainful activity since March 2006, and (3) has severe "degenerative disc disease, anxiety, and reading disorder[.]" AR 298. The ALJ also found that with these impairments, Plaintiff has the residual functional capacity ("RFC")[2] to perform sedentary work with some exertional limitations, and can perform "simple tasks with routine supervision but cannot perform customer service work or have any public contact." *Id.* at 304. The ALJ then noted that Plaintiff was born on September 20, 1966, and at the time of the opinion had reached the "younger individual age 45-49" category. *Id.* at 307. Finally, the ALJ opined that with his RFC, Plaintiff cannot perform his past relevant work, *id.*, but can perform other jobs existing in the national economy, including those of "Surveillance System Monitor," "Addresser," and "Jewelry Charger." *Id.* at 308.

## III. Standard of review.

This Court reviews the Commissioner's final decision to determine whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

3

## IV. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f); 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Regarding his claim for disability insurance benefits, Plaintiff "must establish his disability prior to the expiration of his insured status." *Miller v. Chater*, 99 F.3d 972, 975 (10th Cir. 1996).

Under the sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he carries that burden, the ALJ will conduct a RFC assessment at step four to determine what if anything the claimant can still do despite his impairments. *See* 20 C.F.R. §§ 404.1545(e), 416.912(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that he cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to

4

perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## V. Plaintiff's claims of error.

Plaintiff alleges that substantial evidence does not support the ALJ's finding that his first grade education is "marginal" and, in fact, substantial evidence shows that Plaintiff is "illiterate." Doc. 16, at 22. The undersigned agrees, and because this finding is dispositive, elects not to address Plaintiff's related claims of error.

### A. Analysis.

#### 1. Plaintiff's claim that substantial evidence does not support the ALJ's finding that he is, in essence, literate.

The Commissioner uses four categories to evaluate a claimant's educational level: (1) "Illiteracy," (2) "Marginal education," (3) "Limited education," and (4) "High school education and above." 20 C.F.R. §§ 404.1564(b)(1)-(4), 416.964(b)(1)-(4). Under the regulations, "illiteracy" applies when a "person has had little or no formal schooling" and "cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name." *Id.* §§ 404.1564(b)(1), 416.964(b)(1). A marginal education is considered "formal schooling at a 6th grade level or less" and implies "ability in reasoning, arithmetic, and

language skills which are needed to do simple, unskilled types of jobs." *Id.* §§ 405.1564(b)(2), 416.964(b)(2). The regulations direct the ALJ to consider a claimant's "numerical grade level to determine educational abilities only if there is no other evidence to contradict it." *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987). "Especially when many years have passed since completion of formal education . . . 'the numerical grade level completed in school may not represent actual educational abilities.'" *Id.* (citation and internal ellipses omitted).

Without any discussion, the ALJ found that Plaintiff's first grade education was "marginal," apparently relying solely on the numerical grade level. AR 307. The ultimate question is whether substantial evidence supports her finding. The question is vital, because with his RFC, age, and inability to perform past work, Plaintiff is disabled under the Medical Vocational Guidelines (Grids) if he falls into the "illiteracy" rather than "marginal" category. *See* 20 C.F.R. Pt. 404, Subpart P, App. 2, § 201.00(h) (directing a finding of disability if an individual 45-49 years old is limited to sedentary, unskilled work, cannot perform past work, and is "unable to read or write in English"). The undersigned finds that substantial evidence does not support the ALJ's finding.

The record reflects that Plaintiff has had very little formal schooling, finishing only the first grade. AR 126, 329. Based on Plaintiff's age at his

6

second hearing, is it likely that just under forty years have passed since the completion of that education. In his disability reports, all of which he either dictated to an agency employee or his wife completed, Plaintiff consistently maintained that he can read and write only very little besides his own name. *Id.* at 117, 120, 131. And, at his hearing, Plaintiff testified that he can only "read and spell my name and a few simple words like 'cat,' 'dog.'" *Id.* at 330. Finally, Dr. Gerald Ball, a consulting psychologist, administered to Plaintiff the reading section of the "WRAT-3" and found that "he was able to read only 5 of the stimulus words. This convert[s] to a standard score of less than 45 and a grade level equivalent of first grade. He has no knowledge of phonics and has only very few sight words." *Id.* at 232.

Based on the foregoing, substantial evidence does not support a finding that Plaintiff's first grade educational was "marginal," i.e., that he can "'write a simple message such as instructions or inventory lists,' as required by the [Commissioner's] own regulations for a finding of literacy." *Dixon*, 811 F.2d at 510 (citation omitted) (reversing the ALJ's finding that claimant's sixth grade education was "marginal" in light of substantial evidence that claimant was illiterate); *Dollar v. Bowen*, 821 F.2d 530, 535 (10th Cir. 1987) (reversing in part because the record established that plaintiff was "functionally illiterate" and revealed "absolutely no evidence to the contrary," thus

7

substantial evidence did not support the ALJ's finding that plaintiff's eighth grade education was "marginal").

## 2. The Commissioner's defenses fail.

The Commissioner suggests that the Court may not rely on Plaintiff's own testimony on this question, because the ALJ found him to be less than credible and Plaintiff does not dispute this finding. Doc. 17, at 6. However, the undersigned finds only one relevant sentence in the ALJ's credibility assessment, wherein she noted that Plaintiff "acknowledged he can read, understand, and write more than his name in English." AR 304. Although the undersigned finds this sentence to be an overly broad reading of one piece of evidence, it does not actually contradict either Plaintiff's testimony that he could read and understand a few limited words such as "cat" and "dog," or Dr. Ball's finding that Plaintiff was able to read five words on the WRAT-3 test. Because the ALJ's single reference to Plaintiff's reading ability does not conflict with his testimony, and because she did not otherwise specify that she was discounting Plaintiff's credibility on that precise issue, the undersigned does not interpret the ALJ's credibility analysis in such a way as to prevent reliance on Plaintiff's testimony on this subject.

Alternatively, if the ALJ's credibility analysis is read in such a manner, substantial evidence does not support it. The Court may, in the interests of justice, make this determination despite the fact that Plaintiff did not raise

the issue. *See Carson v. Barnhart*, 140 F. App'x 29, 39 (10th Cir. 2005) (reversing the ALJ's ruling on an issue plaintiff failed to raise on appeal because "its resolution is clear") (citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) for examples of when the court may address an argument plaintiff did not raise); *Lyons*, 994 F.2d at 721 (citing *Petrini v. Howard*, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990) for the proposition that a court may address an argument not previously raised when "proper resolution of the issue was beyond doubt and injustice would otherwise result")); *Womack v. Astrue*, No. CIV-07-167-W, 2008 WL 2486524, at *1, *3 (W.D. Okla. June 19, 2008) (unpublished order) (adopting magistrate judge's recommendation for reversal on issue plaintiff did not raise because in the interests of justice, "[t]his Court cannot . . . ignore obvious and prejudicial errors, even if the litigants did not identify and debate them").

The ALJ stated that Plaintiff had "acknowledged he can read, understand, and write more than his name in English," citing one page of evidence. AR 304 (the ALJ's citation to "Exhibit 2E/1" which is page 119 of the record). On that page, someone has typewritten "Yes" in answer to the questions: "Can you read and understand English?" and "Can you write more than your name in English?" *Id.* at 119. The undersigned finds that this citation does not constitute substantial evidence for purposes of discounting Plaintiff's credibility.

9

For example, Plaintiff did not sign this document and it is unclear who prepared it. *Id*. at 119-127. And, the first question is a compound – so even if Plaintiff answered "Yes," he could have simply been acknowledging that he understands the English language. Similarly, Plaintiff could have answered "Yes" to the second question based on his ability to write words such as "cat" and "dog." Finally, Plaintiff's repeated assertions in other disability reports – indeed, even on the second page of same report – that he can read and write only very little completely overwhelms the one "Yes" notation that the ALJ relied upon. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (holding that an ALJ "may not 'pick and choose among [the record], using portions of evidence favorable to [her] position while ignoring other evidence'") (citation omitted).

The Commissioner also suggests that Plaintiff's ability to "play online games and look at saddles and horses" erodes his credibility on the issue of literacy. Doc. 17, at 5. The ALJ did note Plaintiff's computer use. AR 305. However, there is no indication that the ALJ was making a finding equating Plaintiff's computer use with literacy. And, if her opinion is read in such a manner, it again lacks any substantial evidence in support. That is, the ALJ noted that Plaintiff "looks at horse and saddle sites on the Internet," *id.*, but failed to acknowledge that Plaintiff testified that he has his "son pull up" those "saddle sites." *Id*. at 343. And, neither the ALJ nor the Commissioner

offer any evidence that the ability to play an undisclosed video game requires a reading level which would suggest Plaintiff has the ability to write instructions or inventory lists. *See Dixon*, 811 F.2d at 510 (noting that the ability to "'write a simple message such as instructions or inventory lists,'" is required for a finding of literacy) (quoting 20 C.F.R. § 404.1564(b)(1)).

Finally, the undersigned notes that Plaintiff's testimony is entirely consistent with Dr. Ball's consultative findings which showed that Plaintiff could read only five test words, had "no knowledge of phonics," and knew only "very few sight words." AR 232.

In sum, the undersigned finds that the ALJ's opinion should not be read to discount Plaintiff's credibility on this issue. However, if the opinion is interpreted in such a manner, the Court should find that the ALJ's credibility assessment lacks substantial evidence to support it.

**B. Summary.**

Based on the above discussion, the undersigned concludes that substantial evidence does *not* support the ALJ's finding that Plaintiff's first grade education is "marginal," and, in fact, the substantial and uncontradicted evidence in the record supports Plaintiff's contention that he is "illiterate."

## C. The appropriate remedy.

It is within the Court's discretion to remand this case to the Commissioner for either further hearing or to award benefits. *See Dixon*, 881 F.2d at 511. The undersigned recommends the latter.

Plaintiff first applied for benefits in 2006, and this Court has already remanded his case once based on the ALJ's prior errors. Further, the record has been fully and fairly developed, and establishes that: (1) Plaintiff falls into the category of "younger age 45-49," AR 307; (2) his insured status does not expire until December 2016, *id.* at 296-97; and (3) Plaintiff has the RFC to perform only unskilled, sedentary work. *Id.* at 304. Because substantial evidence also supports a finding that Plaintiff is "illiterate," the Grids direct a finding of disability. *See* 20 C.F.R. Pt. 404, Subpart P, App. 2, § 201.00(h). The undersigned therefore finds that "further administrative proceedings would only further delay the appropriate determination and award of benefits," and recommends that the Court reverse and remand with an order to grant Plaintiff those benefits. *See Dixon*, 811 F.2d at 511 (reversing for an immediate award of benefits where the record established that plaintiff was illiterate and therefore disabled); *Salazar v. Barnhart,* 468 F.3d 615, 626 (10th Cir. 2006) (holding that some factors the court should consider in deciding to direct an award of benefits are "the length of time the matter has been pending" and "whether or not 'given the available evidence, remand for

additional fact-finding would serve any useful purpose [or] would merely delay the receipt of benefits'") (citation and internal brackets omitted); *Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987) (holding that a reversal for an award of benefits was proper where the "record has been fully and fairly developed" and the evidence supported a disability finding).

## VI. Recommendation and notice of right to object.

For the reasons discussed above, it is recommended that the Commissioner's decision be reversed and the matter remanded for an immediate award of benefits.

The parties are advised of their right to object to this report and recommendation by the 19th day of January, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 30th day of December, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE